WRIGHT, J.
The relator being county treasurer in 1831, was re-elected in October of that year, but neglecting to give bond before the first Monday of June then next, according to the law (29 O. L. 29), his office was held vacant, and a new appointment made by the commissioners, and he was appointed to the office, gave bond, and entered upon the duties of the office, under the new appointment. Two days subsequent to this, the commissioners, upon settlement with the treasurer, found him in arrear $2,183.15, which he refused to have counted on request, stating that he had no part of the funds, but was in default that sum as collector for 1831. The day succeeding this, the commissioners ordered the auditor to sue the bond for 1830, for the failure to malee return, to make settlement, and pay over the money. On the day after the suit was brought, viz. : on the 9th of June, the commissioners removed Rea from office, or, declared the office vacant, and, for the reason set forth in their entry, ajjpointed the present incumbent, Hay. These proceedings were had according to the provisions of the act prescribing the duties of county treasurers (29 O. L. 291), and this application seeks to reinstate Rea in the office, and eject Hay. The person 93] *claiming must show his right to be let into the office claimed. It is not required of the public to show its right.
The real question is, was Rea properly removed ? The law provides that the treasurer who fails to make return, fails to settle or pay over money, may be sued, and that when suit has been brought against any delinquent treasurer, the commissioners may, at their discretion, remove him from office, and appoint another; 29 O. L. 291, 2, 3. The authority to remove extends only to an existing treasurer, who is delinquent. It is not incumbent on the commissioners to remove at all events ; but the power is left to their dis *99 cfetioh, to be exercised Avhéii the pliblio good requires it. If, in their opinion, the incuinbent, AVho is a defaulter, ought to be removedlo as to deprive him of the porver to obtain and misapply more public funds, they may remove. The public interest predominates; and Avhenever a delinquent officer is in office, so long as the delinquency continues, the right to remove is a subsisting right, to be exercised by the commissioners, in their discretion, to promote the public weal. We think the removal in this case warranted by the law, and called for by the facts of the case. No objection has been made to the appointment of Hay. He has been qualified, and 4 we leave him undisturbed.
Rule refused. Ordered that the relator pay the costs of the application in sixty days.